PLOTKIN, Judge,
dissenting.
I respectfully dissent because the objective physical evidence discloses that the Fairgrounds was negligent in the design, maintenance and operation of its main access roadway and pedestrian zones, which was a contributing cause of this accident.
The New Orleans Fairgrounds operates a public racetrack. Patrons are solicited to come to the facility. They observe and wager on the races at the clubhouse or grandstand.
*795 The main access road runs through the Fairgrounds. It provides access to the major entrances and exits on Gentilly Boulevard and Mystery Street. It bisects the parking area and the clubhouse and grandstand. The roadway is approximately 12-13 feet wide and the edge of the traveled portions are not stripped.
Vehicles were parked alongside of the roadway adjacent to the clubhouse that blocked pedestrians from walking off the road. There were no pedestrian lanes, protected areas, warning signs or guards to indicate a pedestrian zone of safety adjacent to the main access road.
The plaintiff exited the grandstand at night and intended to walk to a cabstand at the clubhouse. While walking on the edge of the roadway he was hit from the rear and severely injured.
These conditions presented an unreasonable risk of harm to the plaintiff, against which the defendant had a duty to protect. It is foreseeable that invitees at a public racetrack would walk in the immediate area at the event’s conclusion. The absence of any pedestrian safety zones or warnings that a pedestrian is forced to walk, at night, on the main thoroughfare is per se negligence. The danger is further enhanced because alcohol is sold during the operational hours.
Legal causation is self-evident. But for the plaintiff’s walking on the roadway edge, the accident would not have occurred. He was on the main access road because there were no unobstructed sidewalks or pedestrian safety lanes that he could utilize, or warnings to advise him of the danger. The absence of these conditions caused, in part, the accident.